**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NORFOLK SOUTHERN RAILWAY** | : | |
| **COMPANY,** | : | |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **CIVIL NO. 25-3637** |
| | : | |
| **HIGHWAY MATERIALS, LLC f/k/a** | : | |
| **HIGHWAY MATERIALS, INC.,** *et al.,* | : | |
| *Defendants.* | : | |
| | : | |

**MEMORANDUM**

**KENNEY, J.**                                                        **FEBRUARY 17, 2026**

On July 16, 2025, Plaintiff filed a Complaint against various Defendants asserting three causes of action in connection with sinkholes that appeared on Plaintiff's property near its railroad right of way. *See* ECF No. 1. On October 10, 2025, Defendant Highway Materials, LLC moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Defendant's Motion" or "Defendant's Motion to Dismiss"). *See* ECF No. 15. For the reasons set forth below, Defendant's Motion (ECF No. 15) is **GRANTED** in part and **DENIED** in part. Plaintiff's nuisance claim (Count I) and negligence claim (Count II) will proceed to discovery. Plaintiff's negligence per se claim (Count III) is dismissed without prejudice.

## I.   BACKGROUND

### A.  Factual Background

Plaintiff Norfolk Southern Railway Company "operates as an interstate rail carrier" and "owns property over which it operates a railroad right of way" in Montgomery County, Pennsylvania (the "ROW"). ECF No. 1 ¶¶ 10–11. Defendants are "the current and/or former owners and/or operators" of a quarry that neighbors the ROW near Plymouth Meeting,

Pennsylvania (the "Quarry"). *Id.* ¶¶ 12–13. Defendants "actively mined" the "Quarry pits next to the ROW . . . since at least the 1950s," and their mining activities allegedly included "dewatering of the aquifer under the ROW." *Id.* ¶¶ 30–31.

Around July 16, 2023, "a sinkhole appeared on the ROW but did not interfere with the tracks and rail operations." *Id.* ¶ 17. Plaintiff inspected the sinkhole and filled it in with ballast. *Id.* ¶ 18. Around July 17, 2023, "the same or another sinkhole appeared at a different location on the ROW." *Id.* ¶ 19. This time, the sinkhole impaired the railway tracks and "resulted in a train derailment." *Id.* At the Pennsylvania Department of Environmental Protection's direction, Plaintiff repaired the sinkhole. *Id.* ¶¶ 20–22. There have since been "multiple recurrences of the same or other sinkholes on the ROW." *Id.* ¶ 27. Plaintiff has engaged in remediation efforts, which have resulted in over $2,000,000.00 in costs. *Id.* ¶¶ 28–29. While Plaintiff contacted Defendant Highway Materials, LLC "to discuss the repairs for the sinkhole," Defendant "denied responsibility." *Id.* ¶¶ 25–26.

**B. Procedural History**

On July 16, 2025, Plaintiff filed the instant action against Defendants Highway Materials, LLC f/k/a Highway Materials, Inc., Corson Lime Company, United States Lime & Minerals, Inc., and NOSROC Corporation f/k/a G. & W.H. Corson, Inc. *Id.* ¶¶ 2, 4–7. Plaintiff asserted three causes for action for nuisance, negligence, and negligence per se, and alleged that there is diversity-based subject matter jurisdiction. *Id.* ¶¶ 8, 34–53.

On October 10, 2025, Defendant Highway Materials, LLC moved to dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 15. Defendant principally argues that Plaintiff's Complaint is deficient because Plaintiff did not plead sufficient facts to support the element of causation for its nuisance, negligence, and negligence per

se claims. *Id.* at 16–21. In addition, Defendant argues that Plaintiff's negligence per se claim is subsumed within its ordinary negligence claim and that Plaintiff failed to allege the violation of a specific statute or regulation. *Id.* at 21–23.

In its Opposition to Defendant's Motion to Dismiss, Plaintiff contends that it adequately alleged factual material demonstrating the elements of its claims, including causation, and that Defendant overstates the level of proof that is required at the motion to dismiss stage. ECF No. 16 at 5–10. As to its negligence per se claim, in its brief, Plaintiff makes a number of assertions regarding violations of Pennsylvania statutes and regulations that were not alleged in its Complaint, which it contends establish a duty and subsequent breach. *Id.* at 11.

Defendant filed a Reply in support of its Motion to Dismiss on November 3, 2025. *See* ECF No. 20.[1] Defendant's Motion to Dismiss is thus fully briefed and before this Court.

## II.     LEGAL STANDARD

When evaluating a motion to dismiss for failure to state a claim, the Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citations omitted). To survive a Rule 12(b)(6) motion, a plaintiff's well-pleaded complaint must state a "plausible entitlement to relief," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007). A

---

[1] In addition, Defendants Corson Lime Company and United States Lime & Minerals, Inc. filed a Response to Defendant Highway Materials, LLC's Motion to Dismiss, noting that they have asserted crossclaims against Highway Materials, LLC that are "not at issue" in Defendant's Motion. ECF No. 17 at 1–2. Defendant Highway Materials, LLC filed a separate reply in which it claims for the first time that the crossclaims should also be dismissed if the Court were to grant dismissal of Plaintiff's Complaint. *See* ECF No. 21 at 2–3. Because the action will proceed to discovery, the Court does not address Highway Materials, LLC's argument. In any event, Defendant's Motion was only styled as a motion to dismiss "*Plaintiff's Complaint*," *see* ECF No. 15 at 3 (emphasis added); Defendant never formally moved to dismiss the crossclaims.

plaintiff is not required to plead "detailed factual allegations," but Federal Rule of Civil Procedure 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  **DISCUSSION**

Taking Plaintiff's factual allegations as true, the Court will grant in part and deny in part Defendant's Motion as follows: Defendant's Motion is denied as to Counts I and II, which will proceed to discovery.  Defendant's Motion is granted as to Count III; the Court will dismiss Count III without prejudice.

As to Counts I and II, the Court finds that Plaintiff sufficiently pleaded factual allegations that demonstrate a "plausible entitlement to relief," including with respect to causation.  *Twombly*, 550 U.S. at 559.  For instance, with respect to its nuisance claim (Count I), Plaintiff alleged that "dewatering the aqu[i]fer under the ROW and channeling water from the berm from the Quarry to the ROW caused the sinkhole(s) to form under the surface of the ROW," that "Defendants' mining actions at the Quarry caused the sinkhole(s) on the ROW," and that Defendants' actions interfered with Plaintiff's "use and enjoyment of the ROW," requiring significant remediation.  ECF No. 1 ¶¶ 35, 36, 43; *see also id.* ¶ 30 (alleging that Defendants "actively mined" the "Quarry pits next to the ROW"); *id.* ¶ 31 (Defendants' "mining practices . . . included, among other things, the dewatering of the aquifer under the ROW"); *id.* ¶ 32 ("Defendants also allowed water to channel on the berm").  Regarding its negligence claim (Count II), Plaintiff alleged that "Defendants were required to use the Quarry in a manner that would not impair the ROW," breached their duty "by dewatering the aqu[i]fer under the ROW," and that "Defendants' individual and/or collective acts of dewatering the aqu[i]fer under the ROW and allowing water to channel onto the ROW from the Quarry caused the formation of the sinkhole(s)."  *Id.* ¶¶ 45–47; *see also id.* ¶¶ 30–33.  At the

pleading stage, such factual allegations plausibly state a claim to relief and allow this Court "to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679, as "detailed pleading is not . . . required." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016); *see also Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024). Accordingly, Defendant's Motion to Dismiss will be denied as to Counts I and II, which shall proceed to discovery.

As to Count III, Plaintiff asserted a claim for negligence per se against only Defendant Highway Materials, LLC. The Court will dismiss Count III without prejudice because under Pennsylvania law, courts routinely find that "negligence per se is not a separate cause of action, but is instead a theory of liability that supports a negligence claim." *Simmons v. Simpson House, Inc.*, 224 F. Supp. 3d 406, 417 (E.D. Pa. 2016) (emphasis omitted) (collecting cases). When a plaintiff has pleaded an ordinary negligence claim—as Plaintiff has done here—the negligence claim "subsume[s] a claim of negligence per se," with the result that "the court must dismiss the standalone negligence per se claim." *Sipp-Lipscomb v. Einstein Physicians Pennypack Pediatrics*, No. 20-cv-1926, 2020 WL 7353105, at *3 (E.D. Pa. Dec. 9, 2020) (internal quotations and citation omitted) (collecting cases); *see also Clemens v. ExecuPharm, Inc.*, 678 F. Supp. 3d 629, 636 (E.D. Pa. 2023); *Kovalev v. Lidl US, LLC*, 647 F. Supp. 3d 319, 346 (E.D. Pa. 2022). However, the Court will permit Plaintiff to pursue a negligence per se theory subsumed within its negligence claim (Count II). Plaintiff may amend its Complaint to "plead [negligence per se] as a theory [of] liability under general negligence," should Plaintiff still desire to proceed on this theory. *Sipp-Lipscomb*, 2020 WL 7353105, at *3.

In any event, even if Plaintiff could proceed on a standalone negligence per se claim, Count III would be dismissed for failure to state a claim. In its Complaint, Plaintiff made no allegations as to which statutes or regulations Defendant may have violated in connection with its negligence

per se claim. *See Mest v. Cabot Corp.*, 449 F.3d 502, 518 (3d Cir. 2006) (listing the elements that a plaintiff must demonstrate "[t]o assert a claim for negligence per se" based on the violation of a regulation or statute). While Plaintiff later identified in its Opposition brief certain Pennsylvania statutes and regulations that it asserts Defendant has violated, *see* ECF No. 16 at 11, it is well-settled that a plaintiff cannot use an opposition brief to amend the complaint. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Count III is thus dismissed without prejudice for the additional reason that Plaintiff did not plead a sufficient factual basis to state a claim for relief.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendant's Motion (ECF No. 15). Defendant's Motion is denied as to Counts I and II, which will proceed to discovery. Defendant's Motion is granted as to Count III; the Court will dismiss Count III without prejudice. Plaintiff is granted leave to amend its Complaint to plead a negligence per se theory of liability within its negligence claim. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

6