**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NORFOLK SOUTHERN RAILWAY COMPANY,** *Plaintiff,* | : | |
| **v.** | : | **CIVIL NO. 25-3637** |
| **HIGHWAY MATERIALS, LLC f/k/a HIGHWAY MATERIALS, INC., *et al.*,** *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.** **OCTOBER 14, 2026**

Before the Court is Plaintiff's Motion for Entry of a Final Judgment by Default Against NOSROC Corp. f/k/a G. & W.H. Corson, Inc. (the "Motion"). *See* ECF No. 90. Plaintiff seeks a final judgment against Defendant NOSROC Corporation f/k/a G. & W.H. Corson, Inc. ("NOSROC") in the amount of $2,110,915.27. *Id.* at 1. To date, NOSROC has not filed an opposition to Plaintiff's Motion, entered an appearance in this action, or filed an answer or otherwise responded to Plaintiff's Amended Complaint. For the reasons set forth below, the Court will **GRANT** Plaintiff's Motion (ECF No. 90), and enter a final judgment by default against NOSROC, severally, in the amount of $2,110,915.27. The Court finds that there is no just reason for delay.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a plaintiff may move for default judgment once the Clerk of Court enters a default against a defendant. Fed. R. Civ. P. 55(b). Where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," if the plaintiff submits "an affidavit showing the amount due[,]" and the defaulting defendant is "neither a minor nor an incompetent person[,]" the Clerk of Court "must enter judgment for that amount and costs." Fed.

R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Moreover, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When the plaintiff applies to the court for a default judgment, the court may hold a hearing to assist with the calculation of damages, but is not required to do so. *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724–25 (3d Cir. 2009) (per curiam). However, the court has an obligation to determine whether the plaintiff's asserted "damages [are] appropriate." *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) ("While the [d]istrict [c]ourt may not have been obligated to hold an evidentiary hearing, it could not just accept [the plaintiff's] statement of the damages.").

Where a defendant has been properly served, a court has discretion to enter a default judgment based on its consideration of the following three factors as articulated in *Chamberlain v. Giampapa*: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." 210 F.3d 154, 164 (3d Cir. 2000). "In evaluating these factors, the court accepts all factual allegations in the complaint as true." *Int'l Bhd. of Elec. Workers Union No. 98 Health & Welfare Fund v. D'Narpo Elec., LLC*, No. 21-cv-1923, 2022 WL 742735, at *3 (E.D. Pa. Mar. 10, 2022) (citation omitted).

## II. DISCUSSION

The Court writes for the benefit of the parties and assumes their familiarity with the facts and procedural history of the case.[1] Notwithstanding proper service of the Complaint and service of the Amended Complaint, NOSROC failed to answer or otherwise respond to the Amended Complaint. Default was entered by the Clerk of Court against NOSROC on June 8, 2026, *see* ECF No. 82, and Plaintiff now seeks a final judgment by default against NOSROC for a sum certain in the amount of $2,110,915.27. ECF No. 90 at 1. After weighing the three *Chamberlain* factors,[2] the Court finds that entry of a default judgment against NOSROC is appropriate.

The first *Chamberlain* factor weighs strongly in favor of Plaintiff, who has already paid $2,110,915.27 of its own funds to remediate damage that occurred from the sinkhole(s) that appeared on its property. *See* ECF No. 90-1 at 2; *see also* ECF No. 42-3 at 2–23. Plaintiff will be prejudiced if the entry of a default judgment is denied because NOSROC has admitted liability by nature of its failure to respond to the Amended Complaint and now will owe an outstanding debt to Plaintiff. There is no reason for delaying Plaintiff's attempt to recover damages that it is owed from NOSROC. *See LNV Corp. v. Catalano*, No. 15-cv-3219, 2015 WL 4941962, at *5 (E.D. Pa.

---

[1] The Court notes that because it is deciding a motion for default judgment, the facts from Plaintiff's Amended Complaint are assumed as true except insofar as they concern the amount of damages sought by Plaintiff. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

[2] The Third Circuit has also noted that "[b]efore granting default judgment, a district court may consider whether 'the unchallenged facts constitute a legitimate cause of action[.]'" *J&J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (citation omitted). Plaintiff alleges that NOSROC is liable for nuisance and negligence due to its operation of the neighboring Quarry. *See* ECF No. 43 ¶¶ 34–48. According to Plaintiff, NOSROC's mining activities and practices at the Quarry caused the sinkhole(s) that appeared on Plaintiff's right of way ("ROW") and led to a train derailment due in part to "dewatering the aquifer under the ROW and channeling water from the berm from the Quarry to the ROW." *Id.* ¶¶ 35–36, 38; *see also id.* ¶¶ 46–47. Plaintiff's Amended Complaint thus states legitimate causes of action against NOSROC.

Aug. 19, 2015) ("Any further delay in resolving this case will merely further prejudice the plaintiff's attempt to recover the outstanding debt owed to it.").

The second *Chamberlain* factor also counsels in favor of the entry of a default judgment. A defendant "seeking to prove a meritorious defense must allege specific facts that stretch beyond [a] general denial." *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 652 F. Supp. 2d 599, 606 (E.D. Pa. 2009) (alteration in original). NOSROC has never entered an appearance in this action, let alone asserted any defenses to Plaintiff's Amended Complaint. Under these circumstances, the Court "may presume that an absent defendant who has failed to answer has no meritorious defense, . . . because [i]t is not the court's responsibility to research the law and construct the parties' arguments for them." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014) (internal quotations and citations omitted) (alteration in original); *see also Acosta v. Schwab*, No. 18-cv-3544, 2019 WL 7046916, at *8 (E.D. Pa. Dec. 20, 2019) (same).

Regarding the third *Chamberlain* factor, in order for the Court to find that NOSROC's "delay is due to culpable conduct[,]" 210 F.3d at 164, NOSROC would need to have acted "willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983). District courts have come to "different conclusions regarding whether a defendant's failure to appear and defend can, in itself, constitute culpable conduct[,]" *see LNV Corp.*, 2015 WL 4941962, at *5 (citing *State Farm Fire & Cas. Co. v. Hunt*, No. 14-cv-6673, 2015 WL 1974772, at *5 (E.D. Pa. May 4, 2015)), but many have determined that a defendant's "failure or refusal to engage in the litigation process and to offer no reason for this failure or refusal may qualify as culpable conduct with respect to the entry of a default judgment." *Joe Hand Promotions, Inc.*, 3 F. Supp. 3d at 271 (internal quotations and citation omitted) (cleaned up). "[T]o conclude otherwise would be to

reward the recalcitrant or the oppositional and uncooperative." *Id.* (internal quotations and citation omitted).

Here, the Court finds that NOSROC's willful decision to ignore this litigation is due to its own culpable conduct. The docket reflects that NOSROC was served with Plaintiff's original Complaint and that NOSROC executed a waiver of service. *See* ECF No. 9. However, rather than enter an appearance or respond to the Complaint, NOSROC instead sent a letter to the Court requesting a 45-day extension of its time to file an answer, which was granted. *See* ECF Nos. 24–25.[3] NOSROC is thus aware of this litigation. Nevertheless, NOSROC never filed an answer or otherwise responded to Plaintiff's original Complaint. After Plaintiff filed an Amended Complaint (ECF No. 43), the Court required Plaintiff to serve a copy of the Amended Complaint upon NOSROC. *See* ECF No. 45 at 1 n.1. Plaintiff filed proof of service on February 27, 2026, *see* ECF No. 47, but NOSROC still failed to enter an appearance, or answer or otherwise respond to Plaintiff's Amended Complaint. Therefore, the Court finds that the third *Chamberlain* factor also weighs in Plaintiff's favor.

Since the *Chamberlain* factors weigh in favor of entering a default judgment against NOSROC, the Court will grant Plaintiff's Motion (ECF No. 90). With respect to the amount of damages, Plaintiff seeks a default judgment in a sum certain amount of $2,110,915.27. *See* ECF No. 90-1 at 4. Plaintiff requested the same amount of damages in its Amended Complaint. *See*

---

[3] In its December 4, 2025 letter, NOSROC indicated that it "is a non-operating entity that ceased operating sometime in 1981 due to substantial asbestos liabilities. Since then, it has existed solely for the purpose of administering asbestos-related liabilities." ECF No. 24 at 1. NOSROC also stated that it was determining whether insurance coverage may exist for this action, but has not provided any further information. *Id.* Moreover, at that time, NOSROC requested that "the Court hold any motion for default judgment in abeyance pending further developments regarding insurance coverage[,]" which suggests that NOSROC had no intention of responding to Plaintiff's original Complaint. *Id.*

ECF No. 43 at 6, 8. In addition, Plaintiff attached a signed Declaration, indicating that Plaintiff "expended $2,110,915.27 to remediate and stabilize its property because of the sinkhole(s)[,]" and "has not recovered any of" that amount. ECF No. 42-2 ¶¶ 4–5. Plaintiff also attached invoices that confirm that amount. *See* ECF No. 42-3 at 2–23. It is permissible for the Court to "rely on affidavits and other documented evidence to award the appropriate default judgment amount." *Int'l Bhd. of Elec. Workers Union No. 98 Health & Welfare Fund*, 2022 WL 742735, at *5. The Court finds that Plaintiff has adequately established the amount of damages it has incurred to remediate the sinkhole(s), and further finds that entry of a default judgment against NOSROC in the amount of $2,110,915.27 is an appropriate amount.

Finally, "[f]or an action involving claims against multiple parties, a judgment that resolves less than all of the claims against all of the parties is not a 'final' judgment unless the court 'expressly determines that there is no just reason for delay.'" *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 183 (3d Cir. 2010) (quoting Fed. R. Civ. P. 54(b)). Although this action will continue to be litigated against the remaining Defendants, the Court finds that there is no just reason for delaying entry of a final judgment against NOSROC.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion (ECF No. 90), and enter a final judgment by default against Defendant NOSROC, severally, in the amount of $2,110,915.27. The Court finds that there is no just reason for delay. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**